Record. Watson, administrator of Markley vs. Lockwood, Summons on account. Demand, $26. Appearance; trial by referees, "who, being sworn and affirmed, after hearing the proofs and allegations of the parties, do report in favor of the plaintiff in the sum of twenty-six dollars. Judgment rendered in favor of plaintiff for the above $26, and cost of suit." The record then set out a copy of the summons, and of the execution process, with this certificate: "I do hereby certify the above to be a true copy of the warrant, and also of the execution issued by me in the above case. As witness my hand and seal this 19th day of October, 1837.
 (Signed,) THOMAS R. HAMMERSLEY."
The exception was, that the report of the referees was not sent up; and for this cause;
The Court, of their own motion, directed a further return, though this was the second term. The certificate does not show that a full copy of all the record and proceedings has been sent up; if it did, we would not now allow diminution to be alledged. But it may be, consistently with the certificate, that there was a written report by the referees; we, therefore, do not contradict the return by ordering, as we do, a further return upon causes of diminuation, which both parties have leave to suggest.
Diminution was alledged in behalf of the defendant in error, and a further return sent up, corresponding with the first return in all particulars except the certificate, which verified it as a "full and true copy of the entire record and proceedings." *Page 365 
To this record the following causes of error were assigned:
1st. That it does not appear that the referees were sworn or affirmed according to law.
2d. Nor that they heard the proofs and allegations of the parties.
3d. Because the referees did not make a report and return the same to the justice as required by law.
The law positively requires that the report of the referees shall be in writing, (Digest, 335.) We allowed diminution to be alledged last term, because the record seemed from the certificate not to be fully returned, and we thought it probable that a further return would show that such report had been made; but the last return, which is certified to be a full copy of all the record, does not cure this defect. We reverse the judgment, therefore, on the ground that it does not appear by the record that the referees made any report under their hands.
 Judgment reversed.